

## Saiber
ATTORNEYS AT LAW

**Jakob B. Halpern**
(973) 622-8394
jbh@saiber.com

November 9, 2015

**BY ECF & FACSIMILE**

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
 for the Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re: *Forrester v. Corizon Health, Inc.*
**Civil Action No. 15-7811 (PGG)**

Dear Judge Gardephe:

Our firm represents Defendant Corizon Health, Inc. ("Corizon") in the above matter. Pursuant to Your Honor's Individual Rule 4(A), we write on behalf of Corizon to request a pre-motion conference with the Court. Corizon proposes to file a motion to transfer this matter to the United States District Court for the Eastern District of New York ("Eastern District") pursuant to 28 U.S.C. § 1404(a).

Corizon submits that there is good cause to transfer this matter. In 2012, Plaintiff commenced an action in the Eastern District entitled Bernice Forrester v. Prison Health Services and Corizon Health, Inc., Civil Action No. 12-363 (NGG) (LB) (the "Earlier-Filed Action"), against Corizon Health, Inc., the same defendant she sues in the present action, as well as Prison Health Services, Corizon's predecessor-in-interest. In that action, Plaintiff asserted both federal and New York City Human Rights Law ("CHRL") claims for disability and age discrimination and retaliation relating to her employment at Corizon, as well as federal claims for FMLA and age discrimination and retaliation, and FMLA interference. That matter was heavily litigated, with the parties submitting seven separate discovery dispute motions and making numerous appearances before the Court. Ultimately, Corizon moved for summary judgment.

After extensive briefing and referral of the motion, Magistrate Judge Lois Bloom recommended granting Defendants summary judgment on all of Plaintiff's federal claims, and declining supplemental jurisdiction on her CHRL claims. Plaintiff objected, and after additional extensive briefing, District Judge Nicholas G. Garaufis materially agreed with Judge Bloom, granting summary judgment on Plaintiff's federal claims and declining supplemental jurisdiction

Honorable Paul G. Gardephe, U.S.D.J.
November 9, 2015
Page 2

on the CHRL claims. Plaintiff has appealed Judge Garaufis's decision to the United States Court of Appeals for the Second Circuit.

While her appeal was pending, Plaintiff initiated the present action before the New York State Supreme Court, New York County, refiling her CHRL claims of disability discrimination and retaliation. Corizon timely removed the action to this Court. However, Corizon respectfully submits that the action would be far more appropriately venued in the Eastern District.

In its proposed Motion to Transfer, Corizon plans to argue that "judicial economy and the interests of justice" overwhelmingly support, and should be dispositive, of Corizon's motion. The CHRL claims in Plaintiff's current complaint are identical to those already raised and considered by the Eastern District in the Earlier-Filed Action. The facts underlying Plaintiff's allegations of disability discrimination and retaliation, and Corizon's defenses thereto, are likewise the same. Judges Garaufis and Bloom have already presided over, and indeed are intimately familiar, with the present action, including the parties, attorneys, operative facts, and applicable law. It is only logical that placing this case before the Eastern District will promote judicial economy and the interests of justice, and conversely avoid the redundant effort that would be necessary if an entirely new set of judges needed to start from scratch.

Additionally, the Eastern District is "the situs of the operative events at issue" and Plaintiff chose to file the Earlier-Filed Action in the Eastern District in the first instance. Conversely, Plaintiff's choice of forum in New York County should be provided little if any weight given that the matter has already been removed to a different Court, and, and as will be argued in our motion, the remaining factors considered by the Court either weigh slightly in favor of transfer or are neutral.

As Rule 4(A) instructs, Corizon requested Plaintiff's consent to the within relief. Plaintiff's counsel indicated that she would consent to transferring the matter to the Eastern District "on the condition the matter is not designated a related case." However, because this matter is plainly a related case under Eastern District Local Civil Rule 50.3.1,[1] and because a substantial savings of judicial resources would result from assigning this matter to Judges Garaufis and Bloom upon transfer, Corizon is unwilling to accept this unreasonable condition.

---

[1] "A civil case is 'related' to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."

Honorable Paul G. Gardephe, U.S.D.J.
November 9, 2015
Page 3

      We thank the Court for its consideration.

                                              Respectfully submitted,

                                              Jakob B. Halpern

/jbh

cc:    **(by ECF & email)**
       Joshua Bernstein, Esq.